UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x     Civil Case No. CV-13-5650
EMANUELE D'IPPOLITO,

                                            Plaintiff(s),

                                                                       **ANSWER**
                    - against -
                                                                       Hon. Nina Gershon, Judge
AUTO EXPO ENT INC. and                                                 Hon. Marilyn D. Go, Magistrate Judge
GREAT NECK SUZUKI,

                                            Defendant(s)
-----------------------------------------------------------------x

        Defendants, Auto Expo Ent Inc. and Great Neck Suzuki, for their answer to the
Complaint of Plaintiff Emanuele D'Ippolito, states as follows in response to the allegations made
against them.  All allegations not specifically addressed herein are denied.

### ANSWERING THE ALLEGATIONS SET FORTH UNDER PARTIES

        1.      Denies any knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in the paragraph of the Complaint designated "1".

### ANSWERING AS TO JURISDICTION AND VENUE

        2.      Denies each and every allegation contained in the paragraph of the Complaint
designated "5" and "6" and respectfully refers all questions of law to this Honorable Court.

### ANSWERING THE ALLEGATIONS AS TO STATUTORY FRAMEWORK

        3.      Denies each and every allegation contained in the paragraph of the Complaint
designated "8" and "9", and respectfully refers all questions of law to this Honorable Court.

        4.      Denies any knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph of the Complaint designated "10, "11",
"12", "13", "14", "28", "30", "31", "35" and "42".

        5.      Denies each and every allegation contained in the paragraph of the Complaint
designated "20", "21", "24", "25", "26", "27", "36", "37", "38", "39", "40" and "41".

        6.      Admits the allegation contained in paragraph "23" of the Complaint that
"Defendant issued to Plaintiff a temporary registration", but denies the allegation in paragraph
"23" that states "stated that the title and permanent registration would be mailed to him shortly".

7.    Admits the allegation contained in the paragraphs of the Complaint designated "15", "16", "17", "18", "19", "22", "32", "33" and "34".

## ANSWERING AS TO THE FIRST COUNT I

8.    Responding to the paragraph of the Complaint designated "43", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs "1" through "42", with the same force and effect as if set forth at length herein.

9.    Denies each and every allegation contained in the paragraph of the Complaint designated "44", "45", "46", "47", "48", "49", "50", "51", "52", and respectfully refers all questions of law to this Honorable Court.

10.    Denies each and every allegation contained in the paragraph of the Complaint designated "53" and "54".

## ANSWERING AS TO COUNT II

11.    Responding to paragraph of the Complaint designated "55", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs "1" through "54", with the same force and effect as if set forth at length herein.

12.    Denies each and every allegation contained in the paragraph of the Complaint designated "56", "57", "58", "59", and respectfully refers all questions of law to this Honorable Court.

13.    Denies each and every allegation contained in the paragraph of the Complaint designated "60" and "61".

## ANSWERING AS TO COUNT III

14.    Responding to the paragraph of the Complaint designated "62", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs "1" through "61", with the same force and effect as if set forth at length herein.

15.    Denies each and every allegation contained in the paragraph of the Complaint designated "64", "68", "69" and "70".

16.    Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph of the Complaint designated "67".

17.     Admits the allegation contained in the paragraph of the Complaint designated "65" that "before Plaintiff's first payment was even due, Defendants demanded that Plaintiff return to Defendant's place of business to execute a new financing agreement", but denies the allegation that "on terms that were much less favorable to Plaintiff, breaching the contract."

18.     Admits the allegation contained in paragraph of the Complaint designated "66" that "Defendants only provided a temporary registration for the vehicle and never provided a permanent registration for the vehicle", but denies that part of the allegation wherein Plaintiff alleges that it was "in breach of the contract between Plaintiff and Defendants".

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, the Defendants allege:

### FIRST AFFIRMATIVE DEFENSE

19.     The Complaint fails to state a cause of action against the Defendants Auto Expo Ent Inc. and Great Neck Suzuki.

### SECOND AFFIRMATIVE DEFENSE

20.     Upon information and belief, Plaintiff failed to comply with a condition precedent as required pursuant to the terms and conditions of the agreement.

### THIRD AFFIRMATIVE DEFENSE

21.     Upon information and belief, Plaintiff failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

22.     The answering Defendants allege that they complied with and performed any and all obligations imposed by law, statute, contract or otherwise, to the full extent of their responsibility, if any, and are therefore entitled to dismissal of all claims.

### FIFTH AFFIRMATIVE DEFENSE

23.     The answering Defendants allege that they breached no duty or obligation of any kind to Plaintiff whether arising from common law, statute, contract, tort, or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

24.     The answering Defendants allege that Plaintiff has suffered no losses, damages or injuries by reason of any alleged conduct by Defendants or any of Defendants' agents or representatives.

## SEVENTH AFFIRMATIVE DEFENSE

25.     The answering Defendants allege that each purported cause of action is barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

26.     The answering Defendants allege that each allegation contained in the Complaint is barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

27.     The answering Defendants allege that Plaintiff has failed to assert a viable cause of action, thereby warranting dismissal of the Complaint and its request for damages.

## TENTH AFFIRMATIVE DEFENSE

28.     The answering Defendants allege that Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

29.     This action seeking monetary damages and relief against the answering Defendants was commenced and is continued without reasonable cause and is a frivolous claim being without legal merit.  Accordingly, the answering Defendants shall seek an award of attorney fees in accordance with the contract agreements and New York State law.

## TWELFTH AFFIRMATIVE DEFENSE

30.     The answering Defendants allege that they are immune from liability for the matters stated in the Complaint in that all of their alleged actions, if any, were made in good faith, without malice, and performed in the reasonable belief that such actions were authorized and in accordance with existing law and authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

31.    The answering Defendants allege that any harm which came to Plaintiff, if any, was a direct and proximate result of Plaintiff's own actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

32.    Plaintiff is barred from claiming or recovering any relief set forth in the Complaint because Plaintiff has not suffered any harm, damage or loss.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

33.    At all times relevant hereto, the answering Defendants complied with all applicable laws, regulations, statutes and standards.

## SIXTEENTH AFFIRMATIVE DEFENSE

34.    The claim for punitive damages under New York law violates the answering Defendants' rights to due process of law guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

35.    The claims for punitive damages are barred by the prohibition against excessive fines contained in the Eighth Amendment to the Constitution of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

36.    Defendants, their agents, servants and employees acted at all times in a justified manner.

## NINETEENTH AFFIRMATIVE DEFENSE

37.    Defendants complied with all its statutory obligations.

## TWENTIETH AFFIRMATIVE DEFENSE

38.    The Plaintiff is barred from maintaining this action because he breached the terms of the contract at issue.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

39.    The Plaintiff cannot prove the elements of his case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

40.     The Court lacks jurisdiction over this action in that the Plaintiff executed documentation wherein he agreed that any lawsuit against the Defendants would be brought in Nassau County.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

41.     Plaintiff has failed to name necessary parties.

## COUNTERCLAIM(S)

42.     The Defendant entered into a contract with the Plaintiff whereby the Plaintiff would purchase a used vehicle from the Defendant.

43.     The Plaintiff financed the amount of $35,899.89 of the sales price.

44.     Plaintiff agreed that the financing was based on certain conditions including employment and income verification.

45.     The Plaintiff could not verify his employment or income in breach of his agreement with Defendants.

46.     That Plaintiff failed to cooperate and assist Defendants in verifying Plaintiff's employment and income, all in breach of the contract.

47.     That Plaintiff failed to cooperate and assist with Defendants in obtaining new financing for the vehicle in breach of the contract.

48.     Defendants have been damaged as a result of Plaintiff's failure to verify his employment and income and in his failure to obtain new financing for the vehicle.

49.     By reason of the foregoing, the Defendant requests the Court to order Plaintiff to return the vehicle to Defendants or in the alternative order Plaintiff to pay Defendant a sum of not less than $50,000.00 which represents the value of the vehicle.

WHEREFORE, the answering Defendants, Auto Expo Ent Inc. and Great Neck Suzuki demands Judgment dismissing the Complaint herein as against them; the entry of a

judgment on the counterclaim as alleged, together with costs, disbursements and attorney fees of this action.

Dated:     November 5, 2013     Yours, etc.
            Irvington, New York

D'AMBROSIO & D'AMBROSIO, P.C.
Attorneys for Defendants

By:     _____
James J. D'Ambrosio, 4459
42 Main Street
Irvington, New York l0533
(914) 591-5400

To:     KASSELL LAW FIRM
1038 Jackson Avenue, #4
Long Island City, NY 11101

7

## CERTIFICATION

I hereby certify that on November 18, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

By: _____
         James J. D'Ambrosio, Esq.,( jd4459)

1